IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREG KUEBEL, *on Behalf of Himself and All Others Similarly Situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> BLACK & DECKER (U.S.) INC. <br><br> Defendant. | Civil Action No. _____ <br><br><br> **Jury Demanded** |

## REPRESENTATIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** the Plaintiff, Greg Kuebel, on behalf of himself and all others similarly situated, by and through counsel, and hereby sets forth his Representative Action Complaint for violation of the Fair Labor Standards Act and for violation of the New York Labor Law as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff Greg Kuebel brings this civil action against Defendant Black & Decker (U.S.) Inc., pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for unpaid overtime compensation and related penalties and damages and for failure to pay its employees for all hours worked. Plaintiff alleges, on behalf of himself and all other similarly situated hourly employees of Defendant, that Defendant failed and refused to pay him, and all other similarly situated hourly employees, straight time compensation for all hours worked and failed

and refused to pay him and all other similarly situated hourly employees overtime pay for overtime worked.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

3. The Western District of New York has personal jurisdiction over Defendant because it is doing business in New York and in this judicial District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District and the plaintiff resides in this District.

## PARTIES

**A.  Plaintiffs**

*Named Plaintiff*

5. Plaintiff Greg Kuebel is a resident of 480 Pine Circle Ext., Horseheads, NY 14845. Defendant employed Plaintiff Kuebel as a Retail Sales Specialist from September 2006 until June 2007. During his employment with Defendant, Plaintiff Kuebel regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

6. At all relevant times, Plaintiff Kuebel was an employee of Defendant under the FLSA and New York Labor Law.

*Class Members*

7. The Class Members are those current and former employees of Defendant who were suffered or permitted to work by Defendant and not paid their regular or statutorily required

rate of pay for all hours worked as well as those current and former employees of Defendant who worked in excess of forty hours in one or more work weeks but were not paid overtime at the statutory rate.

**B.     Defendant**

8.     Defendant is a corporation organized under the laws of the Maryland with its primary place of business in Towson, Maryland. Defendant's registered agent for service of process in the State of New York is C.T. Corporation System, which may be served at 111 Eighth Avenue, New York, New York 10011.

9.     Upon information and belief, Defendant employs or employed the Named Plaintiff and the putative class members in this action.

### REPRESENTATIVE ACTION ALLEGATIONS

10.     Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant in hourly labor within three years from the commencement of this action who have not been compensated for all hours worked and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

11.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff Greg Kuebel, the Representative Plaintiff, because the claims of Greg Kuebel are similar to the claims of the putative plaintiffs of the representative action.

12.     Plaintiff Kuebel is similarly situated to the putative Plaintiffs working as Retail Sales Specialists for Defendant, has substantially similar job requirements and pay provisions,

and was subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

13. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## CLASS ACTION ALLEGATIONS

14. The claims arising under New York State Labor Law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

15. The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

16. The Named Plaintiff will adequately represent the interests of the class members because he is similarly situated to the class members and his claims are typical of, and concurrent to, the claims of the other class members.

17. There are no known conflicts of interest between the Named Plaintiff and the other class members.

18. The class counsel, Crone & Mason, PLC, is qualified and able to litigate the class members' claims.

19. The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

20. Common questions of law and fact predominate in this action because the claims of all class members are based on whether the defendants' practice of not paying nonexempt

employees for all hours worked and/or statutory overtime for hours worked over 40 per week violates New York State Labor Law.

21. The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FACTUAL BACKGROUND

22. Defendant failed or refused to pay its employees for all time worked and for all overtime hours worked.

23. Retail Sales Specialist employees are required to set up displays of Defendant's products, train retail sales employees in using Defendant's products, provide demonstrations for Defendant's customers, and assist Defendant's retail sales customers in selling its products.

24. Defendant's Retail Sales Specialists are required to drive from their homes or local offices to customer sites to perform their work. Beyond a normal commute, employees are often required to travel several hours at the start of the day to get to a job site and to drive an equal distance to return home in the evenings.

25. Management directed Plaintiff Kuebel to record only part of his travel time on his employee timesheet.

26. Management further directed Plaintiff Kuebel to take as much time as necessary to complete all assigned work in a satisfactory manner but never to record more than forty hours of work on his timesheet for any work week regardless of the amount of time he actually spent driving to and from customer sites and performing work on behalf of Defendant.

27.     Plaintiff Kuebel and others similarly situated regularly worked more than forty hours in a work week but were not paid overtime at the statutory rate.

28.     Defendant terminated Plaintiff Kuebel when he complained about Defendant's failure to pay overtime compensation and began limiting himself to forty hours of work per week. Upon information and belief, Defendant has terminated other similarly situated employees who complained about Defendant's failure to pay overtime compensation.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

29.     Plaintiff Greg Kuebel, on behalf of himself and all other similarly situated employees of Defendant, realleges and incorporates the allegations contained in Paragraphs 1 through 28 as if they were set forth fully herein.

30.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Plaintiff Kuebel and each of the putative members of the FLSA representative action. At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

31.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

32.     Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay or to be paid for all hours worked under the

FLSA. Plaintiffs and the putative members of the FLSA representative action are entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for all overtime hours worked.

33. As a result of Defendant's failure to compensate its Retail Sales Specialists, including Plaintiff Kuebel and all similarly situated employees, for all hours worked and its failure to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT II

### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiff Greg Kuebel, on behalf of himself and all other similarly situated employees of Defendant, realleges and incorporates the allegations contained in Paragraphs 1 through 34 as if they were set forth fully herein.

36. Defendant retaliated against Plaintiff Kuebel and, upon information and belief, other similarly situated employees for seeking redress of Defendant's illegal pay practices detailed herein in violation of the FLSA, including 29 U.S.C. § 215(a)(3).

## COUNT III

### VIOLATION OF NEW YORK LABOR LAW

37. Plaintiff Greg Kuebel, on behalf of himself and all other similarly situated employees of Defendant, realleges and incorporates the allegations contained in Paragraphs 1 through 36 as if they were set forth fully herein.

38. As a result of Defendant's failure to compensate its Retail Sales Specialists, including Plaintiff Kuebel and all similarly situated employees, for all hours worked and its failure to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has willfully violated, and continues willfully to violate, the New York Labor Law.

## COUNT IV

### RETALIATION UNDER THE NEW YORK LABOR LAW

39. Plaintiff Greg Kuebel, on behalf of himself and all other similarly situated employees of Defendant, realleges and incorporates the allegations contained in Paragraphs 1 through 38 as if they were set forth fully herein.

40. Defendant retaliated against Plaintiff Kuebel and, upon information and belief, other similarly situated employees for seeking redress of Defendant's illegal pay practices detailed herein in violation of the New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all proposed members of the FLSA representative action, prays for relief as follows:

1. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b);

2. Designation of Plaintiff Greg Kuebel as Representative Plaintiff of the putative members of the FLSA representative action;

3. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

4. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in the unlawful practice, policy, and pattern set forth herein;

5. An award of the value of plaintiffs' unpaid wages, including fringe benefits;

6. Liquidated damages equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs;

7. An award of damages for lost wages, including liquidated damages, to be paid by Defendant in lieu of reinstatement;

8. An award of damages for front pay due to Defendant's retaliation;

9. An award of punitive damages due to Defendant's retaliation;

10. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

11. Pre-Judgment and Post-Judgment interest, as provided by law; and

12. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Greg Kuebel hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed representative action have a right to jury trial.

Dated: January 10, 2008                    Respectfully submitted,

**DOLIN, THOMAS & SOLOMON LLP**

_____
J. Nelson Thomas
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com


**CRONE & MASON, PLC**
Alan G. Crone (TN #14285)
James J. Webb, Jr. (TN #017826)
D. Wes Sullenger (TN # 021714; KY # 91861)
Clark Tower
5100 Poplar Avenue, Suite 3200
Memphis, TN 38137
Telephone: (800) 403-7868
Telephone: (901) 683-1850