UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GREG KUEBEL

                Plaintiff,           Civil Action No.08 CV 6020

    v.                                Date:
                                                 Time:

BLACK & DECKER (U.S.) INC.

                Defendant.

---

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release (collectively, the "Agreement"), is entered into by and between Greg Kuebel ("Plaintiff") and the class of individuals that he seeks to represent (hereinafter defined), and Black & Decker (U.S.) Inc. ("Black & Decker").

### RECITALS

WHEREAS, Greg Kuebel filed a Class Action Complaint (hereinafter defined) in the United States District Court for the Western District of New York, *Kuebel v. Black & Decker (U.S.) Inc.*, Case No. 08 CV 6020 on January 10, 2008, and Greg Kuebel filed a First Amended Complaint on June 5, 2008; and

WHEREAS, the Class Action Complaint and First Amended Class Action Complaint asserted class claims under the New York Labor Law, and collective claims under the Fair Labor Standards Act, and sought recovery of, among other things, unpaid overtime wages, front pay due to retaliation, punitive damages, attorneys' fees and costs, injunctive relief, declaratory relief, and pre-judgment and post-judgment interest.

WHEREAS, Black & Decker denied and continues to deny all of the allegations made by Plaintiff in the Litigation (as hereinafter defined) and has denied and continues to deny that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Black & Decker has agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

LA:.1

WHEREAS, Settlement Counsel (as hereinafter defined) has investigated and prosecuted this case, including, but not limited to, taking and defending depositions, interviewing putative class members, reviewing documents produced by Black & Decker, and reviewing and analyzing payroll data; and

WHEREAS, the Parties participated in two mediation sessions of this matter: one on December 14, 2011, which was conducted at arms length by mediator Hunter Hughes, and another on May 10, 2012, which was conducted at arms length by court-appointed mediator, Robert Conklin; and

WHEREAS, Settlement Counsel has analyzed and evaluated the merits of the claims made against Black & Decker in the Litigation, and the impact of this Agreement on Plaintiff and the Class (as hereinafter defined); and

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that would not occur for several years, Settlement Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Class.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1. **DEFINITIONS**

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1   **Approval Hearing.** "Approval Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

1.2   **Black & Decker's Counsel.** "Black & Decker's Counsel" shall mean Amanda C. Sommerfeld and Monique Ngo-Bonnici, Winston & Strawn LLP. For purposes of providing any notices required under this Agreement, Black & Decker's Counsel shall refer to Amanda C. Sommerfeld, Winston & Strawn, 333 S. Grand Ave., Suite 3800, Los Angeles, CA 90071-1543.

1.3   **Claims Administration Costs.** "Claims Administration Costs" means the total cost payable from the Settlement Payment to the Claims Administrator for administering this Settlement

1.4   **Claims Administrator.** "Claims Administrator" shall mean **CPT Group, Inc.** which is the entity jointly selected by the Parties to provide notice to the Class and administer payment of claims submitted by Class Members.

1.5   **Claim Form.** "Claim Form" shall mean the form(s) necessary for Class Members to submit to the Claims Administrator to receive settlement payments. FLSA Class

-2-

LA:.1

Members who have already "opted in" will receive a Claim Form without having to complete another Consent to Join. The Claim Forms areattached hereto as Exhibits A and B.

1.6 **Class; Class Members.** "Class" and "Class Members" shall collectively mean NY Class and FLSA Class Members.

1.7 **Consent to Join/Claim Form.** "Consent to Join/Claim Form" shall mean the form(s) to be provided to FLSA Putative Class Members and NY Class Members that have not previously opted in to the Litigation. The Consent to Join/Claim Formsare attached hereto as Exhibits C and D. A timely Consent to Join/Claim Form must be returned in order to receive a settlement payment.

1.8 **Settlement Counsel.** "Settlement Counsel" shall mean Alan Crone, Crone & McEvoy, PLC and Nelson Thomas, Dolin, Thomas & Solomon, LLP. For purposes of providing any notices required under this Agreement, Settlement Counsel shall refer to Alan Crone, Crone & McEvoy, PLC, 5583 Murray Rd., Suite 120, Memphis, TN 38119.

1.9 **Court.** "Court" shall mean the United States District Court for the Western District of New York.

1.10 **Covered Period.** "Covered Period" shall mean, with respect to the NY Class, the period from January 10, 2005 to the date of the order approving the Notice of Settlement, and with respect to the FLSA Class, the period from May 10, 2010 to June 30, 2012.

1.11 **Effective; Effective Date.** "Effective" shall mean the occurrence of all of the following, and "Effective Date" shall be the date that all of the following have occurred:

(A) the Court has entered Judgment and ruled on the motion for an enhancement award for Plaintiff pursuant to Section 4.3 and for attorneys' fees and reasonable costs pursuant to Section 4.2; and

(B) the Judgment and the rulings on such motions have become Final. "Final" means the later of:

(1) The time for seeking rehearing or reconsideration and/or appellate review has expired and there is no one with standing to seek such review; or

(2) If rehearing, reconsideration and/or appellate review is sought, after any and all avenues of rehearing, reconsideration and/or appellate review have been exhausted and no further rehearing, reconsideration and/or appellate review is permitted, and the time for seeking such review has expired, and the Judgment and rulings on service awards and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

1.12 **Escrow Account.** "Escrow Account" shall mean the interest-bearing account created and controlled by the Claims Administrator.

1.13 **FLSA Putative Class; FLSA Class; FLSA Class Member.** "FLSA Putative Class" shall mean all similarly situated persons who have been employed by Black & Decker and/or its affiliates as a Retail Specialist or Sales & Marketing Specialist anywhere in the United States at any time between May 10, 2010 and June 30, 2012 who have not already

-3-

opted into the Litigation by filing a Consent to Join with the Court in this Litigation; "FLSA Class" shall mean all similarly situated persons who have already "opted in" to the Litigation, or a FLSA Putative Class Member who opts in as set forth in Section 2. A member of the FLSA Class is an "FLSA Class Member."

1.14  **Litigation.** "Litigation" shall mean *Kuebel v. Black & Decker (U.S.) Inc.*, Case No. 08 CV 6020, pending in the United States District Court for the Western District of New York.

1.15  **Motion for Judgment and Final Approval; Judgment.** "Motion for Judgment and Final Approval" shall mean the motion to be filed by Plaintiff in support of the final approval of the settlement of this Litigation. "Judgment" shall mean the Court's entry of judgment in this Litigation giving effect to the terms of this Joint Stipulation of Settlement and Release.

1.16  **Net Settlement Payment.** "Net Settlement Payment" shall mean the remainder of the Settlement Payment after deductions for court-approved attorneys' fees and costs as described in Section 4.2, the court-approved enhancement payment to Plaintiff as described in Section 4.3, any and all Claims Administration Costs.

1.17  **Notice of Settlement.** "Notice of Settlement" shall mean the Notice of Settlement of the Class Action Lawsuit and Approval Hearing approved by the Court to be sent to the NY Class and FLSA Putative Class Members.

1.18  **Notice Packet.** "Notice Packet" shall mean the Notice of Settlement of the Class Action Lawsuit and Approval Hearing (attached hereto as Exhibit E), and either: (1) the Consent To Join/Claim Form (for those individuals in the Putative FLSA Class and NY Class who have not already "opted in" to the Litigation), or (2) the Claim Form (for those individuals in the FLSA Class and the NY Class who have already "opted in" to the Litigation).

1.19  **NY Class; NY Class Member.** "NY Class" shall mean all similarly situated persons who have been employed by Black & Decker and/or its affiliates as a full-time Retail Specialist or Sales & Marketing Specialist in New York, or who resided in New York, at any time between January 10, 2005 and the date of the order approving the Notice of Settlement, who have not "opted out" of the Litigation, as set forth in Section 2. A member of the NY Class is a "NY Class Member."

1.20  **Order Granting Final Approval.** "Order Granting Final Approval" shall mean the final Order entered by the Court after the Approval Hearing, granting final approval of the settlement.

1.21  **Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, inter alia, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the means for effectuating this Agreement.

1.22  **Parties.** "Parties" shall mean Plaintiff and Black & Decker.

1.23  **Qualified Class Member.** "Qualified Class Member" shall mean a Class Member who submits a Claim Form.

LA:.1

1.24 **Released Claims.** "Released Claims" shall refer to the claims addressed in Section 5 of this Agreement that will be released by FLSA Class Members, and by NY Class Members who do not "opt out" as set forth in Section 2.8.

1.25 **Released Parties.** "Released Parties" means the defendant, Black & Decker (U.S.) Inc., Stanley Black & Decker, Inc., and their direct or indirect subsidiaries, divisions, partners, limited partners, owners, investors, holding companies, parents, affiliates (regardless of the form of the legal entity, e.g., corporation, limited liability company, general or limited partnership), benefit plans, trustees, fiduciaries, and administrators of those plans, including predecessors and successors, and their present and former officers, directors, employees, principals, agents, attorneys and/or any other person (be that natural person, any legal entity, including a limited or general partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture, sole proprietorship, an unincorporated organization, any other form of legal entity) which shall have a direct or indirect interest or be otherwise responsible.

1.26 **Settlement, Settlement Agreement or Agreement.** "Settlement," "Settlement Agreement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

1.27 **Settlement Payment.** "Settlement Payment" shall mean the aggregate, maximum total gross sum of Six Hundred Thousand Dollars ($600,000.00) that Black & Decker may pay in full and complete satisfaction of all claims arising from the Litigation and for the Released Claims, which shall be fully inclusive of the individual settlement payments to Class Members, the class representative enhancement payment to Plaintiff as provided in Section 4.3, Claims Administration Costs to the Claims Administrator, and the Settlement Counsel Award as described in Section 4.1.

2. **PROCEDURE FOR NOTICE, CONSENTS TO JOIN, OPTING OUT AND OBJECTION TO SETTLEMENT**

2.1 **Submission of the Notice of FLSA Settlement for Approval.** Within thirty (30) calendar days of execution of this Settlement Agreement by the Parties, Plaintiff will submit to the Court (after the contents have been jointly agreed to by the Parties): (1) a Motion for an Order Certifying the NY Class, Conditionally Certifying the FLSA Class, and Preliminarily Approving the Class Action Settlement ("Motion for Preliminary Approval"), (2) a proposed Notice of Settlement, and (3) a proposed Order Preliminarily Approving the Settlement ("Proposed Order").

    2.1.a Plaintiff's Motion for Preliminary Approval will seek, and Black & Decker will not oppose, certification for settlement purposes only, of the following NY Class in accordance with Rule 23 of the Federal Rules of Civil Procedure:

> all similarly situated persons who have been employed by Black & Decker (U.S.) Inc. and/or its affiliates as a Retail Specialist or Sales & Marketing Specialist in New York at any time between January 10, 2005 and the date of the Order Approving the Notice of Settlement.

If the Court denies the Motion for Preliminary Approval or final approval of the Class Action Settlement, then the Litigation will resume unless the Parties jointly

agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement. If a mutually agreed class settlement is not approved, the case will proceed as if no settlement had been attempted, and Black & Decker retains the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted.

**2.1.b.** The submission of Motion for Preliminary Approval, Notice of Settlement, and Proposed Order shall not be deemed an admission of any violation of law or any liability whatsoever to Plaintiff and/or the Class, individually or collectively, all such liability being expressly denied. Likewise, Black & Decker in no way admits to the suitability of this case for class or collective action litigation other than for purposes of settlement. The terms of this Agreement will be inadmissible for any purpose if the Litigation resumes.

2.2  **Retention of Claims Administrator.** Within seven (7) calendar days of the Court's order granting Plaintiff's Motion for Preliminary Approval, the Parties shall retain CPT Group, Inc. to administer the claims process. The Claims Administrator shall be responsible for the claims administration process and distribution to Qualified Class Members as provided herein. The Parties and their counsel agree to cooperate with the Claims Administrator and assist it in any way possible in administering the settlement. The Claims Administrator's fees shall be paid from the Settlement Payment.

2.3  **Special Language for NY Class on the Notice of Settlement.** The Notice of Settlement will be addressed to members of the FLSA Putative Class, the FLSA Class and the NY Class. The Notice of Settlement will include a statement that NY Class Members will release their claims against the Released Parties regardless of whether or not they "opt in" to the FLSA Class or submit a Claim Form or Consent to Join/Claim Form, unless they "opt out" of the Litigation.

2.4  **Submission of Class List.** Within seven (7) calendar days of the retention of the Claims Administrator, Black & Decker will provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, and social security numbers of all FLSA Putative Class Members, FLSA Class Members and NY Class Members, as well as which group(s) each falls into, whether they were employed as full-time or part-time by Black & Decker during the Covered Period, and whether they previously filed a Consent to Join. The Claims Administrator will keep the list provided confidential, and shall not disclose the list to Settlement Counsel.

2.5  **Process for Providing Notice of Settlement.** Within 14 calendar days after receiving the information described in Section 2.4, the Claims Administrator shall mail, via First Class United States mail, postage prepaid, the Notice Packet using each individual's last known address as recorded in Black & Decker's records. The Claims Administrator shall take reasonable steps to obtain the correct address of any individual for whom the notice is returned by the post office as undeliverable and shall attempt one re-mailing as described below. The Claims Administrator shall notify Plaintiff's Counsel and Black & Decker's Counsel of any mail sent to NY Class Members or FLSA Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s).

LA:.1

2.6 **Opt-In process.** Any FLSA Putative Class Member who is sent the Notice Packet by the Claims Administrator and who "opts in" to the FLSA Class shall become and FLSA Class Member. To "opt in" to the FLSA Class, an FLSA Putative Class Member must sign and timely mail a Consent to Join/Claim Form to the Claims Administrator. To be effective, the Consent to Join/Claim Form must be postmarked by a date certain to be specified on the Notice of Settlement, which will be thirty (30) calendar days after the Claims Administrator mails the Notice of Settlement ("Closure of Opt-In Period"). The thirty (30) day period will begin to run from the first mailing of the Notice of Settlement, except for those whose first mailing was returned to the Claims Administrator as undeliverable, in which case the thirty (30) day period for those individuals will begin to run from the date of the second mailing. The Claims Administrator shall not attempt more than two mailings of the Notice of Settlement. The Claims Administrator shall, within ten (10) calendar days after the last day on which it makes such a mailing, notify Settlement Counsel and Black & Decker's Counsel in writing by email and overnight delivery of the precise date on which that mailing occurred.

    2.6.a FLSA Class Members who previously filed a Consent to Join the Litigation need not "opt in," but will not receive any Settlement payment unless they sign and timely mail a completed Claim Form to the Claims Administrator. To be effective, the Claim Form must be postmarked by the Closure of Opt-In Period.

2.7 **Handling of Consents to Join/Claim Forms.** The Claims Administrator shall stamp the postmark date on the original of each Consent to Join/Claim Form or Claim Form that it receives. The Claims Administrator shall, within thirty-five (35) calendar days of the date on which the last mailing, serve a final list of all Consents to Join/Claim Forms and Claim Forms together with postmark-date-stamped copies of each Consent to Join/Claim Form or Claim Form, on Settlement Counsel and Black & Decker's Counsel, and send the stamped originals of all Consents to Join/Claim Forms, Claim Forms, and originals of all envelopes in which the documents were mailed to Settlement Counsel. Settlement Counsel shall hold the Consents to Join/Claim Forms and file them with the Court within seven (7) calendar days after final approval of this Settlement by the Court.

2.8 **NY Class Member Opt-Out**

    2.8.a Any NY Class Member may request exclusion from the NY Class by "opting out." NY Class Members who choose to do so must mail a written, signed statement to the Claims Administrator that he or she is opting out of the Settlement and Release ("Opt-Out Statement"). To be effective, such Opt-Out Statements must be sent via First Class United States Mail and postmarked by a date certain to be specified on the Notice of Settlement, which will be within thirty (30) calendar days after the Claims Administrator mails the Notice of Settlement. The thirty (30) day period will begin to run from the first mailing, except for those NY Class Members whose first mailing was returned to the Claims Administrator as undeliverable, in which case the thirty (30) day period for any such NY Class Member will begin to run from the date of the second mailing to such NY Class Member. The Claims Administrator shall not attempt more than two mailings of the Notice of Proposed Class Action Lawsuit and Approval Hearing to any NY Class Member. The end of the "Opt-Out Period" shall be thirty (30) calendar days after the last day on which the Claims

Administrator makes a mailing to any NY Class Member pursuant to this Section (although for each individual NY Class Member, no opt-out statement that is not postmarked within thirty (30) calendar days after the Claims Administrator mailed the Notice to such NY Class Member shall be effective). The Claims Administrator shall, within ten (10) calendar days after the last day on which it makes such a mailing, notify Settlement Counsel and Black & Decker's Counsel in writing by email and overnight delivery of the precise date of the end of the Opt-Out Period.

    **2.8.b**   The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Black & Decker's Counsel. The Claims Administrator shall, within 24 hours of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Black & Decker's Counsel by both email and overnight delivery. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Settlement Agreement, at which time the Claims Administrator will mail the original Opt-Out Statements to Black & Decker's Counsel.

**2.9**   **Release.** A NY Class Member who does not "opt out" pursuant to Section 2.8.a will be deemed eligible for a payment hereunder only if the individual submits a Consent to Join/Claim Form or a Claim Form. A NY Class Member who does not opt out pursuant to Section 2.8.a and who does not submit a Consent to Join/Claim Form or a Claim Form, will release his or her claims pursuant to Section 5.1.a but will not be eligible for a payment hereunder. FLSA Class Members will release their claims pursuant to Section 5.1.b, but will be deemed eligible for a payment hereunder only if they submit a Consent to Join/Claim Form or Claim Form. Payments will be made by check issued by the Claims Administrator.

**2.10**   **Objections to Settlement.**

    **2.10.a**   NY Class Members who wish to present objections to the proposed settlement at the Approval Hearing must first do so in writing by filing an objection with the Court and sending a copy of the objection to Settlement Counsel and Black & Decker's Counsel. To be considered, such statement must be filed with the Court and sent to Settlement Counsel and Black & Decker's Counsel by a date certain, to be specified on the Notice of Settlement, which shall be for each Class Member thirty (30) days after the Claims Administrator mails the Notice of Settlement to such Class Member and no later than 60 days from the Preliminary Approval Order. The statement must include all reasons for the objection and any reasons not included in the statement will not be considered. The statement must also include the name, job title, address, and telephone numbers for the Class Member making the objection.

    **2.10.b**   An objector also has the right to appear at the Approval Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Approval Hearing must state his or her intention to do so at the time he/she submits his/her written objections. An objector may withdraw his/her objections

at any time. No Class Member may appear at the Approval Hearing unless he or she has filed a timely objection that complies with the procedures provided in Section 2.10.a. No Class Member may present an objection at the Approval Hearing based on a reason not stated in his or her written objections. Any Class Member who has submitted an Opt-Out Statement may not submit an objection to the settlement.

**2.10.c** The Parties may file with the Court written responses to any filed objections not later than 15 calendar days before the Approval Hearing.

3. **FINAL APPROVAL AND ENTRY OF JUDGMENT**

3.1 **Motion for Judgment and Final Approval.** Not later than 15 calendar days before the Approval Hearing or, if no Approval Hearing is set by the Court within thirty (30) days of the Court's Order Preliminarily Approving the Settlement. Plaintiff will submit a Motion for Judgment and Final Approval. The Approval Hearing shall be held at the Court's convenience.

3.2 **Entry of Judgment.** At the Approval Hearing, the Parties will request that the Court, among other things: (1) issue an order granting final approval of a NY Class and accept for filing the Consents to Join/Claim Forms for settlement purposes received by the Claims Administrator, (2) enter Judgment in accordance with this Agreement, (3) approve the settlement and Agreement as final, fair, reasonable, adequate, and binding on all NY Class Members who have not timely "opted out" and all FLSA Class Members who have timely "opted in," (4) dismiss the Litigation with prejudice, and (5) enter an order permanently enjoining all NY Class Members who do not timely "opt out" and all FLSA Class Members who timely "opted in" from pursuing and/or seeking to reopen claims that have been released by this Agreement.

3.3 **Effect of Failure to Grant Final Approval.** In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become final, the Parties shall proceed as follows: The Litigation will resume unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of Judgment, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. In the event any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved:

The Litigation will proceed as if no settlement had been attempted. In that event, the class certified for purposes of settlement shall be decertified, and Black & Decker retains the right to contest whether this Litigation should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiff in this action.

4. **SETTLEMENT TERMS**

4.1 **Settlement Payment.**

**4.1.a** Black & Decker agrees to pay up to six hundred thousand Dollars ($600,000.00) which shall resolve and satisfy any claim for attorneys' fees and costs approved by

-9-

the Court, any and all amounts to be paid to Class Members, any court-approved enhancement payment to Plaintiff and all Claims Administration Costs to the Claims Administrator. Unless the Settlement Payment is insufficient to cover the employer's share of payroll taxes as described in Section 4.5.c, Black & Decker will not be required to pay more than $600,000.00 under the Agreement.

 (1) In the event that the Settlement Payment is insufficient to pay the individual payments to Class Members, the court-approved enhancement payment to Plaintiff and all Claims Administration Costs to the Claims Administrator in full, then before any distributions are made, Settlement Counsel will contribute 44% of the deficit from the amount of the Settlement set aside for Settlement Counsel's court approved attorneys' fees and costs and Black & Decker will contribute 56% of the deficit, not to exceed $11,500.00 and $15,000.00, respectively. The payments to cover any deficit shall be deposited by the Parties into the Escrow Account within 15 calendar days from the date the Claims Administrator notifies the Parties of the deficiency.

 (2) In the event that after using the Settlement Payment to pay the individual payments to Class Members, the court-approved enhancement payment to Plaintiff and all Claims Administration Costs to the Claims Administrator there are remaining funds, Black & Decker will be entitled to a reversion of all such remaining funds.

**4.1.b** Black & Decker shall deposit the Settlement Payment into the Escrow Account within fifteen (15) days of the entry of the Order Granting Final Approval. Any interest accrued from the Escrow Account, shall belong to Black & Decker.

**4.1.c** If payments to Class Members as described in Sections 4.1.d and 4.4 are not cashed within 90 days of the check date, the checks will be null and void and the money will remain in the Escrow Account. In the event that an amount remains in the Escrow Account 90 days after the payments described in this Agreement have been distributed, those funds shall escheat to the state.

**4.1.d** Within thirty (30) days of the Effective Date, the Claims Administrator will distribute the money in the Escrow Account by making the following payments:

 (1) Paying Settlement Counsel court-approved attorneys' fees as described in Section 4.2.a.

 (2) Reimbursing Settlement Counsel all costs and expenses approved by the Court as described in Section 4.2.a

 (3) Paying the amounts described in Section 4.3.

 (4) Paying NY and FLSA ClassMembers their payments as described in Section 4.4.

LA:.1

   (5) Paying itself, [name of selected TPA], the amount agreed upon (not to exceed $15,000.00) for administering this Settlement.

4.2 **Settlement Amounts Payable as Attorneys' Fees and Costs.**

 4.2.a At the Approval Hearing, Settlement Counsel shall petition the Court for no more than $310,500.00 of the Settlement Payment as an award of attorneys' fees and costs. Black & Decker will not oppose such a fee and cost application. Black & Decker shall have no additional liability for fees and costs, including without limitation, expert fees and costs, or attorneys' fees and costs, except for the employer payroll taxes as described in Section 4.5.c.

 4.2.b The substance of Settlement Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Settlement Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.

4.3 **Enhancement Payment To Plaintiff.** At the Approval Hearing, Plaintiff will apply to the Court to receive no more than $7,500.00 from the Settlement Payment for an enhancement award for services he rendered to the Class. Black & Decker will not oppose the application. The Claims Administrator shall wire the court approved enhancement award to Plaintiff within fourteen (14) calendar days of the Effective Date. The enhancement award and the requirements for obtaining such payment are separate and apart from, and in addition to, other recovery to which Plaintiff might be entitled, and other requirements for obtaining such recovery, under other provisions of this Agreement. The substance of the above- referenced application for the enhancement award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for and enhancement award shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.

4.4 **Distribution to Class Members.**

 4.4.a A NY Class Member who does not opt out pursuant to Section 2.8.a and who submits a valid Consent to Join/Claim Form or Claim Form, will be deemed eligible for a payment hereunder, subject to the release set forth in Section 5.1.a. An FLSA Class Member who submits a valid Consent to Join/Claim Form or Claim Form will be deemed eligible for a payment hereunder, subject to a release set forth in Section 5.1.b.

 4.4.b Qualified Class Members' Settlement Payment shall be made as follows:

   (1) Each Qualified Class Member that was employed by Black & Decker as a full-time Retail Specialist or Sales & Marketing Specialist shall receive a total settlement payment in the amount of $1000.00.

    (2)    Each Qualified Class Member that was employed by Black & Decker as a part-time Retail Specialist or Sales & Marketing Specialist shall receive a total settlement payment in the amount of $250.00.

**4.4.c** Black & Decker and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in Section 4.5. Black & Decker shall pay its portion of the employer's share of taxes to the Claims Administrator in sufficient time for the Claims Administrator to make all payments under this Agreement.

**4.4.d** The Claims Administrator shall mail to all Qualified Class Members their individual settlement payments and Plaintiff his additional enhancement payment within fourteen (14) calendar days of the Effective Date. The Claims Administrator shall use reasonable efforts to make an additional mailing to Qualified Class Members whose checks are returned because of incorrect addresses. Such efforts shall include using social security numbers to obtain better address information and attempting to call such Qualified Class Members.

**4.4.e** The Claims Administrator shall wire Settlement Counsel its attorneys' fees and costs within fourteen (14) calendar days of the Effective Date.

**4.4.f** It is expressly understood and agreed that the receipt of any payments to Class Members made pursuant to this Agreement will not entitle any Class Member to additional compensation or benefits under any of Black & Decker's bonus, contest or other compensation or benefit plans or agreements in place from January 10, 2002 through the date this Agreement is fully executed, nor will it entitle any Class Member to any increased retirement, 401K benefits or matching benefits or deferred compensation benefits. The Class Members are not entitled to any new or additional compensation or benefits as a result of having received payments pursuant to this Agreement (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect from January 10, 2002 through the date this Agreement is fully executed).

**4.5** **Taxability of Settlement Payments.**

    **4.5.a** For tax purposes, 50% of payments to Qualified Class Members shall be treated as back wages and 50% of such payments shall be treated as liquidated damages and interest.

    **4.5.b** Payments treated as back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as liquidated damages and interest shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099. Payments of attorneys' fees and costs shall be made without tax withholding and reported to the IRS and the payee under the

payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099. Any enhancement payment to Plaintiff shall be made without tax withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

**4.5.c** Black & Decker shall pay the employer's share of state and federal payroll taxes imposed by applicable law, including the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages.

**4.5.d** Plaintiff and Settlement Counsel, on their behalf and on behalf of the NY and FLSA Classes and each individual member of those Classes, acknowledge and agree that each recipient will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement (other than taxes specified in Section 4.5.c) and will indemnify, defend and hold Black & Decker and the Claims Administrator harmless from and against any tax claims, charges, liabilities, damages, fees, costs and penalties that may arise out of their own respective payments, and all taxes, interest, penalties, attorneys' fees and other costs imposed on Black & Decker or the Claims Administrator as a result of a Class Member's failure to timely pay such taxes, except for the employer portion of taxes or contributions that Black & Decker would otherwise be required to pay, including, without limitation, all penalties and interest to the Internal Revenue Service, any other taxing authority or other governmental agency (whether federal, state or local), that Black & Decker must make in response to such claim arising out of the payment made pursuant this Agreement, and any attorneys' fees, costs, disbursements and the like incurred in defense of such claim. Plaintiff, on behalf of the Class and each individual member of the Class, acknowledge and agree that they have not relied upon any advice from Black & Decker as to the taxability of the payments received pursuant to this Agreement.

## 5. RELEASE

**5.1 Release of Claims.**

**5.1.a** By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, Plaintiff and each individual FLSA Class Member who resided or worked in New York at any time since January 10, 2005, and any NY Class Member who does not opt-out of the Settlement as provided in this Agreement, forever and fully releases Released Parties from all New York Labor Law claims asserted in the Class Action Complaint, or which could have been asserted in the Class Action Complaint, whether known or unknown, through the date of entry of the Order Granting Final Approval, and all related or corresponding state laws, and all implementing regulations and interpreting guidance ("NYLL Released Claims"). The NYLL Released Claims include all New York Labor Law claims, and claims under all related or corresponding state and local laws, and all implementing regulations and interpreting guidance, for retaliation, unpaid overtime wages, unpaid regular wages, unpaid minimum wages, interest on such claims, claims for liquidated

-13-

LA:.1

damages, for meal and rest period premiums, and attorneys' fees and costs related to such claims.

5.1.b   All Qualified Class Members forever and fully release Released Parties from all Fair Labor Standards Act claims asserted in the Class Action Complaint, or which could have been asserted in the Class Action Complaint, whether known or unknown, through the date of entry of the Order Granting Final Approval and all claims under state law or local law, including wage and hour claims, penalties, interest, and related attorneys' fees ("FLSA Released Claims"). The FLSA Released Claims include all Fair Labor Standards Act claims, and claims under all related or corresponding federal or state laws, and all implementing regulations and interpreting guidance, for retaliation, unpaid wages, including claims for unpaid overtime and claims for unpaid minimum wage, for interest on such claims, for liquidated damages, for wage statement penalties, for waiting time penalties, and for attorneys' fees and costs related to such claims.

5.1.c   In addition to the NYLL Released Claims and the FLSA Released Claims, by signing this Agreement, Plaintiff irrevocably and unconditionally releases, remits, acquits and discharges Released Parties, jointly and individually, from any and all claims, known or unknown, which they, their heirs, successors or assigns have or may have against them. Without limiting the generality of the foregoing in any way, Plaintiff hereby releases Released Parties from any and all claims, liability and causes of action arising out of his employment with Black & Decker, including any claims that were raised or could have been asserted in the Class Action Complaint and/or this Litigation. This Release relates to any claim of Plaintiff's whatsoever and includes any and all liability which Released Parties have or may have to Plaintiff whether denominated claims, demands, causes of action, obligations, damages, liquidated damages, minimum wages, back pay, front pay, compensatory damages, punitive damages, damages for pain and suffering, costs, attorneys' fees or liabilities, which exist as of this time ("Plaintiff's Released Claims").

5.2   **Release of Fees and Costs for Settled Matters.** Settlement Counsel and Plaintiff, on behalf of the Class and each individual Qualified Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Released Parties for attorneys' fees or costs associated Settlement Counsel's representation of Plaintiff and the Class. Settlement Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Settlement Counsel's representation of these individuals.

5.3   **No Assignment.** Settlement Counsel and Plaintiff, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.4   **Non-Admission of Liability.** By entering into this Agreement, Black & Decker in no way admits any violation of law or any liability whatsoever to Plaintiff and/or the Class,

-14-

LA:.1

individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Black & Decker in no way admits to the suitability of this case for class or collective action litigation other than for purposes of settlement. Rather, Black & Decker enters into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiff and the Class. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Black & Decker or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Black & Decker in any civil, criminal, administrative or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification or administration or collective action treatment other than for purposes of administering this Agreement. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

6. **MISCELLANEOUS**

6.1 **Cooperation Between the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

6.2 **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

6.3 **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Plaintiff and the NY and FLSA Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

6.4 **Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arm's length with the assistance of a court appointed mediator, Robert Conklin. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

6.5 **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

6.6 **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

LA:.1

6.7 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

6.8 **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Black & Decker's payment obligations hereunder.

6.9 **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

6.10 **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiff and Black & Decker had signed the same instrument.

6.11 **Facsimile Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile to counsel for the other party. Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon any party whose counsel transmits the signature page by facsimile.

6.12 **Press Releases and Confidentiality:** Settlement Counsel and the Parties agree that they will keep the Agreement in confidence and not communicate the terms of this Agreement, including those reflected in the Exhibits, to any person other than, for tax, legal, and/or financial advice, to one who owes a duty of confidentiality to that individual, and each agrees that he or it will not issue any press releases, initiate any contact with any media outlets, respond to any press inquiry or have any communication with the press about the fact, amount or terms of the Agreement and this settlement. Any public comments regarding the Agreement or its terms shall be limited to communications required by the Parties under federal or state tax and/or securities laws or under generally accepted accounting principles, arbitration and court filings and those necessary to effectuate the terms of this Agreement. Settlement Counsel will not post or cause to be posted on its or others internet site any reference to this Action, the identity of Black & Decker, or this Agreement except as to include the amount of $600,000.00 into its general summary of recoveries, but not attribute that amount to a specific case, matter or Black & Decker.

LA:.1

DATED: September 17, 2012    Black & Decker (U.S.) Inc.

By: _____

Its: _____

DATED: September 17, 2012    CRONE & MCEVOY, PLC as attorneys for
Plaintiff and the Class

By: _____
Alan Crone

Its: _Managing Member_

DATED: September ___, 2012    DOLIN, THOMAS & SOLOMON LLP as
attorneys for Plaintiff and the Class


By: _____
Nelson Thomas

DATED: September 17, 2012    Greg Kuebel

_____
Greg Kuebel

-17-

DATED: September 17, 2012

Black & Decker (U.S.) Inc.

By: _____
    Theodore A. Morris

Its: Assistant Secretary

DATED: September ___, 2012

CRONE & MCEVOY, PLC as attorneys for Plaintiff and the Class

By: _____
        Alan Crone

Its: _____

DATED: September 18, 2012

DOLIN, THOMAS & SOLOMON LLP as attorneys for Plaintiff and the Class

By: _____
        Nelson Thomas

DATED: September ___, 2012

Greg Kuebel

_____
Greg Kuebel

-17-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically and notice of such filing was made electronically to Defendant's counsel pursuant to the Electronic Case Filing Rules of the United States District Court for the Western District of New York on September 19, 2012:

Brian P. Crosby, Esq.
Elizabeth M. Bergen, Esq.
GIBSON, MCASKILL & CROSBY, LLP
69 Delaware Avenue, Suite 900
Buffalo, New York 14202

Lee T. Paterson, Esq.
Monique Ngo-Bonnici, Esq.
Amanda C. Sommerfeld, Esq.
WINSTON & STRAWN LLP
333 S. Grand Ave. (38th Fl.)
Los Angeles, California 90017

                                                s/Alan G. Crone