**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION**

| | |
|---|---|
| **GREG KUEBEL,** *on Behalf of Himself and All Others Similarly Situated,* )<br>)<br>)<br>) | |
| ) | **Case No. 08-CV-6020T** |
| **Plaintiff,** )<br>) | |
| **vs.** )<br>) | |
| **BLACK & DECKER (U.S.), INC.,** )<br>) | |
| **Defendant.** ) | |

**Order Granting Motion to Approve FLSA Settlement**

This matter came on to be heard pursuant to the parties' Motion for Certification of New York Labor Law Class Action, Conditional Certification of FLSA Class, and Preliminary Approval of Settlement and Proposed Notice (Doc. #181) to approve the parties' settlement as evidenced by their Joint Stipulation of Settlement and Release (Doc. #180). On November 2, 2012 the Court granted preliminary approval to the settlement, certified the classes (NY State Labor Law and FLSA Class), approved the notices and set the a hearing to consider final approval of the settlements (Doc. #185). Eventually, the Fairness Hearing was set for Friday, April 12, 2013 at 10:00 am. (Doc. #186).

The Court pursuant to 28 U.S.C. §636(c), Rule 73(b) of the Federal Rules of Civil Procedure, the consent of the parties, the materials and testimony reviewed by the court at the Fairness Hearing held in open court on Friday, April 12, 2013, and the entire record herein, the Court rules that the mutual Joint Stipulation of Settlement and Release (Doc. #180) among the

parties is hereby APPROVED as being a fair, just, adequate and reasonable compromise of a bona fide dispute, including all disputed issues of law and fact in this action; The parties' Joint Motion for Approval of Fair Labor Standards Act Settlement is hereby GRANTED; it is hereby ORDERED that this case is DIMISSED WITH FULL PREJUDICE, with costs to be borne pursuant to the terms of the Joint Stipulation of Settlement and Release (Doc. #180) the terms of which are incorporated herein by reference as if fully set forth verbatim.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, upon consideration of the Joint Stipulation of Settlement and Release (Doc. #180), the parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Joint Stipulation of Settlement and Release (Doc. #180).

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. This Court confirms as final its conditional certification of the New York Class, as defined in the Joint Stipulation of Settlement and Release (Doc. #180) and in the Court's November 12, 2012 order (Doc. #185), for purposes of settlement and the absence of any objections from any New York Class Members to such certification.

4. The Court confirms as final the appointment of ("Plaintiff") as class representative of the New York Class. The Court likewise confirms as final the appointment of Alan G. Crone, of Crone & McEvoy, PLC and Nelson Thomas and Michael J. Lingle of Thomas & Solomon LLP as Class Counsel for the New York Class. These same lawyers and firms are also approved as Class Counsel for the FLSA Class.

5. The Court confirms as final its preliminary designation of the FLSA Class as an FLSA collective action, for purposes of settlement.

6. If, for any reason, the Joint Stipulation of Settlement and Release ultimately does not become effective, this Order certifying the New York Class under Rule 23 and granting final certification to the FLSA Class under 29 U.S.C. § 216(b) shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before the parties executed the Joint Stipulation of Settlement and Release; and nothing stated in the Joint Stipulation of Settlement and Release or any other ancillary documents, action, statements or filings in furtherance of settlement shall be deemed an admission of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action.

7. The Class Action Notice, Claim and Release Form and Opt-Out Statement sent to the New York Class Members, pursuant to this Court's Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

8. This Court grants final approval to the Joint Stipulation of Settlement and Release and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on Plaintiff, the FLSA Class, and all New York Class Members who did not timely opt out pursuant to the procedures set forth in this Court's November 12, 2012 Order (Doc. #185) and the Joint Stipulation of Settlement and Release. The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. This Court also

finds that the Joint Stipulation of Settlement and Release is the result of arms-length negotiations between experienced counsel representing the interests of the plaintiffs and defendant, after thorough factual and legal investigation.

9.     The Court finds the proposed payments are rationally related to the relative strengths and weaknesses of the respective claims asserted.  The mechanisms and procedures set forth in the Joint Stipulation of Settlement and Release by which settlement payments are to be calculated and made to Plaintiff and the members of the FLSA Class and New York Class Members filing timely claims are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Joint Stipulation of Settlement and Release.  Unless otherwise provided in the Joint Stipulation of Settlement and Release, all payments to pursuant to the Joint Stipulation of Settlement and Release shall be made within 30 days of the Joint Stipulation of Settlement and Release becoming effective.

10.     By operation of the entry of this Order, all claims described in Section 5 of the Joint Stipulation and  Joint Stipulation of Settlement and Release are fully, finally and forever released, relinquished and discharged.  The Court has reviewed the document referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and all other applicable law.

11.     The payment to Class Representative Plaintiff in the amount of $7,500.00 is hereby approved.  Such amount is to compensate Plaintiff for her alleged unpaid wages, liquidated damages and interest and will further compensate him for the personal risks borne in bringing the litigation and for the time and effort expended in assisting in the prosecution of the litigation and ultimate recovery.  Such payment shall be made within 30 days of the Joint Stipulation of Settlement and Release becoming effective.

12. The parties entered into the Joint Stipulation of Settlement and Release solely for the purpose of compromising and settling disputed claims.  Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff, the FLSA Class, and/or the New York Class, individually or collectively, liability being expressly denied by Defendant.

The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Joint Stipulation of Settlement and Release.

13. The Clerk of the Court is directed to dismiss the case with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                          S/ Michael A. Telesca
                                          _____
                                          MICHAEL A. TELESCA
                                        United States District Judge

DATED:      Rochester, New York
                April 17, 2013